UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTHA GODINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A., AS SUCCESOR IN INTEREST TO DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., et al.,<br><br>Defendants. | Case No: C 10-4660 SBA<br><br>**ORDER REMANDING ACTION**<br><br>Dkt. 6, 16 |

Plaintiff Martha Godinez filed the instant action in San Mateo County Superior Court on August 13, 2010, against various Defendants, including U.S. Bank National Association ("U.S. Bank"), FCI Lender Services, Inc. ("FCI"), and Patelco Credit Union ("Patelco"). These Defendants removed the action under 28 U.S.C. § 1441, alleging that certain of Plaintiff's state law causes of action arise under federal law. The parties are presently before the Court on the motions to dismiss filed by the aforementioned Defendants. Dkt. 6, 16. Although no oppositions to the motions have been filed, the Court finds that it lacks removal jurisdiction. As such, the Court remands the action to state court.[1]

I.  **BACKGROUND**

On August 13, 2010, Plaintiff, through counsel, filed the instant action against (1) U.S. Bank, as successor in interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan, F.A., (2) FCI, (3) Patelco, as successor in interest to Cal State 9 Credit Union, (4) Franklin Credit Management Corporation, (5) N.D.

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

Financial dba Primestar Financial, and (6) Shoaib Mahmud.  Plaintiff's claims arise from Defendants' involvement in an allegedly fraudulent residential mortgage transaction pertaining to Plaintiff's property located in East Palo Alto, California.

On October 15, 2010, Defendants U.S. Bank and FCI, later joined by Patelco, removed the action to this Court under 28 U.S.C. § 1441.  Removing Defendants allege that Plaintiff's causes of action for fraud and deceit, negligent misrepresentation, breach of fiduciary duty and tortious interference with contractual relations have been "artfully" pled as state claims "even though [they are] … disguised claims that turn[] on loan-related disclosure violations under [TILA]."  Notice of Removal ¶¶ 4-7.  U.S. Bank and FCI, and Patelco, have now filed separate motions to dismiss, which are noticed for hearing on February 1, 2011.  Under Civil Local Rule 7-3, any response to a noticed motion is due no later than twenty-one days prior to the hearing date.  As such, Plaintiff's oppositions or statements of non-opposition were due by January 11, 2011.  Although the response deadline has since passed, the Court has not received any responses to the motions.

## II.     LEGAL STANDARD

Before deciding any issue on the merits, a district court has an independent obligation to examine its subject matter jurisdiction.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Homeloans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 533 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of a removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus, 980 F.2d at 566.

III. **DISCUSSION**

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).  In other words, the federal law must be a "necessary element" of the state law claim.  Id.

In the instant case, Plaintiff alleges only state law causes of action in her Complaint, and there is no mention of any federal statutes or regulations.  "[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes."  Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotations and citation omitted).  "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law."  Id.  "The artful pleading doctrine allows removal where federal law *completely preempts* a plaintiff's state-law claim."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (emphasis added).

In their Notice of Removal, Defendants allege that Plaintiff's causes of action for fraud, negligent misrepresentation, breach of fiduciary duty and tortious interference with

contractual relations have been "artfully pled … to avoid federal jurisdiction even though [they] are disguised federal claim[s] that turn[] on loan-related disclosure violations under [TILA]."  Notice of Removal ¶¶ 4-7; see also Defs.' Mot. to Dismiss at 5, Dkt. 6.  Though not cited by Defendants, the Court notes that TILA contains a limited preemption provision which preempts state law claims only to the extent they conflict with the provisions of TILA.  15 U.S.C. § 1610(a)(1).[2]  Here, Defendants do not argue or make any showing that the common law causes of action at issue are inconsistent with or otherwise completely preempted by TILA.

Nor is the Court persuaded that "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong, 576 F.3d at 955.  As noted, Defendants contend that Plaintiffs' causes of action are based on TILA disclosure violations.  Notice of Removal ¶¶ 4-7.  The Court disagrees.  TILA is mentioned nowhere in the Complaint.  But even if it were, Defendants ignore that a state common law claim, such as fraud, may properly be predicated upon a duty created by TILA, without transmuting it into a federal claim.  See Amparan v. Plaza Home Mortg., Inc., 678 F. Supp. 2d  961, 976 (N.D. Cal. 2008) (citing Lovejoy v. AT & T Corp., 119 Cal. App. 4th 151, 158 (2004)).  Moreover, as Defendants tacitly acknowledge, Plaintiff has alleged multiple factual grounds for her claims, including those that that have no alleged relation to TILA.  Where a violation of a federal statute is one of several independent allegations supporting a state law cause of action, the state law cause of action does not "necessarily turn" on the construction of the federal statute.  Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the

---

[2] Section 1610(a)(1) states:  "Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency."

1 claim."); see also Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single
2 state-law based theory of relief can be offered for each of the three causes of action in the
3 complaint, then the exercise of removal jurisdiction was improper.").  Thus, even if
4 Plaintiff's causes of action could be construed as referring to violations of federal law,
5 resolution of these claims does not "necessarily turn" on the construction of federal law.

## IV. CONCLUSION

The Court does not countenance Plaintiff's counsel Steven Mendelsohn's complete and unexplained failure to respond to the pending motions to dismiss.  At the same time, Defendants should not have removed the action to this Court in the first instance.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to Superior Court for the County of San Mateo.  Defendants' motions to dismiss are DENIED AS MOOT.  The Clerk shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated:  January 31, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge